# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JOHN D. KISER,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:15CV00420 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MS. DONNA HARRISON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*John D. Kiser, Pro Se Petitioner.*

Petitioner John D. Kiser, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging the calculation of his Virginia criminal sentence of imprisonment. Specifically, Kiser states that although the Dickenson County Circuit Court judge expressly stated in the 2013 Sentencing Order that Kiser should receive credit for time he served on home electronic monitoring between June 5, 2012 and August 23, 2013, the Virginia Department of Corrections sentence calculation unit has denied him credit for that time against his term of confinement. Upon review of the petition, I conclude that the petition must be summarily dismissed without prejudice.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless petitioner has exhausted the remedies available in the courts of the state in which he was convicted, as a state habeas corpus petition. Ultimately, exhaustion

requires the petition to present the claims to the highest state court with jurisdiction to consider them. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Virginia, a petitioner may file a state habeas petition in the circuit court where he was convicted, with an appeal to the Supreme Court of Virginia, or directly in the Supreme Court of Virginia.

Kiser indicates on the face of his § 2254 petition that he has never presented his sentence calculation claim in a state habeas corpus petition, and state court records online also so indicate. Until he has given the Supreme Court of Virginia an opportunity to address these claims, he has not demonstrated exhaustion available state court remedies as required by § 2254(b). Therefore, I must dismiss his § 2254 petition without prejudice for failure to exhaust state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be dismissed without prejudice if petitioner has not presented the claims to the appropriate state court and could still do so).[1]

A separate Final Order will be entered herewith.

DATED: August 6, 2015

/s/ James P. Jones
United States District Judge

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, I may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."